**GUANG LIN; Mou Zeng Chen, Petitioners**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–4453.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 13, 2010.

Opinion filed Nov. 4, 2010.

Richard Tarzia, Belle Mead, NJ, for Petitioners.

Jeffrey Bernstein, Eric H. Holder, Jr., Thomas W. Hussey, United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, SMITH and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Lead petitioner Guang Lin and her husband, Mou Zeng Chen (hereinafter collectively referred to as "Petitioners"), petition for review of the Board of Immigration Appeals' ("BIA") final order of removal issued in their consolidated removal proceedings. For the reasons that follow, we will deny the petition.

## I.

Petitioners are natives and citizens of the People's Republic of China. Chen entered the United States in 2000 and Lin followed suit the following year. Because Chen entered without valid entry documents and Lin entered without being admitted or paroled, they were ultimately placed in removal proceedings. They conceded their removability and Lin filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), with Chen as a rider on that application.

In a June 2008 hearing before the Immigration Judge ("IJ"), Lin testified that "snakeheads" helped her and Chen enter the United States, and that the couple paid them $113,000 to do so. She further testified that since arriving in the United States, she had given birth to three U.S. citizen children. She feared that, if she returned to China, she would be forcibly sterilized for violating China's family planning policies.

In addition to her testimony, Lin submitted voluminous documentary evidence in support of her application. Among this evidence were two unauthenticated notices purportedly issued by the local family planning offices from the respective villages in China in which Lin's mother and Chen's father resided. Both of these notices stated that a Chinese citizen who gave birth to multiple children while abroad would be sterilized upon returning to China or otherwise face "legal sanction." Accompanying affidavits from Lin's mother and Chen's father averred that these local family planning offices told them that Petitioners would also be fined, with the fine totaling either 78,000 RMB (which, today, translates to roughly $11,600) or 74,000 RMB (roughly $11,000).

At the conclusion of the hearing, the IJ denied Lin's application. In doing so, the

IJ found Lin's testimony credible, but concluded that, in light of the BIA's and our relevant precedents, her evidence was "to[o] speculative" to establish that her fear of future persecution was objectively reasonable. (*See* Admin. Rec. at 62–64.) Nonetheless, the IJ found the family planning notices and accompanying affidavits "troubling." (*See id.* at 63.) As a result, the IJ certified the case to the BIA for review pursuant to 8 C.F.R. §§ 1003.1(c), 1003.7, and 1240.1(a)(2). Petitioners themselves also sought review of the IJ's decision.

On appeal, the BIA agreed with the IJ that Lin's evidence failed to establish that her fear of being sterilized was objectively reasonable. The BIA also concluded that she had not shown that any economic sanction she might face rose to the level of persecution. As a result, the BIA upheld the denial of her asylum claim. Because Lin's claims for withholding of removal and CAT relief relied on the same insufficient evidence, the BIA upheld the denial of that relief as well. Petitioners now seek review of the BIA's decision.

## II.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's findings, including its conclusions regarding evidence of a well-founded fear of future persecution, for substantial evidence. *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). Under this deferential standard of review, we must uphold the agency's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001).

An alien seeking asylum who does not allege past persecution must establish that she has a well-founded fear of future persecution. *See Chavarria*, 446 F.3d at 515–16 (citing 8 U.S.C. § 1101(a)(42)). To make this showing, an alien must demonstrate "both a *subjectively* genuine fear of persecution and an *objectively* reasonable possibility of persecution." *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003). Determining whether an alien's fear is objectively reasonable "requires ascertaining whether a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." *Id.*

In this case, Petitioners have not shown that the record compels a finding that Lin has an objectively reasonable fear of future persecution. As the BIA noted, much of the voluminous background evidence in the record is similar or identical to evidence that the BIA has previously found insufficient in other cases, and Petitioners have not identified any background evidence that distinguishes their case. The few background documents they do highlight fail to show that any reasonable adjudicator would be compelled to conclude that a Chinese citizen with U.S.-born children would be forcibly sterilized or otherwise persecuted upon returning to China. As for Petitioners' case-specific evidence, the BIA correctly observed that while both family planning notices "indicate that an individual returning from abroad with more than one child 'must' be sterilized, they further state that an unspecified 'legal sanction will be imposed' if the individual fails to undergo the procedure." (Admin. Rec. at 5.) These notices "do not reveal that [Lin] will be subjected to sterilization by force, nor whether the alternative 'legal sanction' will be of the type or severity that would rise to the level of persecution." (*Id.*) Although "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution," *Li v. Att'y Gen. of the U.S.*, 400 F.3d 157, 168 (3d Cir.2005), the record here does not compel a finding that the approximately $11,600 fine Lin allegedly faces rises to

that level, especially given that Petitioners were previously able to pay nearly ten times that amount to come to the United States.

Because Petitioners cannot prevail on Lin's asylum claim, they cannot meet the higher standard for withholding of removal. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir.2003). Additionally, they have waived their right to challenge the denial of her CAT claim. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted). We have considered Petitioners' remaining arguments and conclude that they lack merit.[1]

In light of the above, we will deny the petition for review.

1. We note that one of Petitioners' arguments is that the IJ applied an incorrect standard by requiring them to provide "solid support" to show that Lin's fear of future persecution was objectively reasonable. Although we do not necessarily agree that the IJ's use of the phrase "solid support" meant that he was applying some new, improper standard—the BIA concluded that the IJ applied the correct standard—we need not reach this issue here. In reviewing the IJ's decision, the BIA exercised de novo review over the issue of whether the possibility of sterilization and/or economic sanctions would cause a reasonable person in Lin's situation to fear persecution. *See Huang v. Att'y Gen. of the U.S.*, 620 F.3d 372, 384–85 (3d Cir.2010). Because the BIA applied the proper standard in conducting that review and did not have to defer to the IJ in reaching its conclusion, the BIA's decision negated any alleged error made by the IJ.